J-S03031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LATASHA STAPP | : | |
| | : | |
| Appellant | : | No. 1035 WDA 2019 |

Appeal from the PCRA Order Entered June 20, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000804-2013

BEFORE:  McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                   **FILED FEBRUARY 13, 2020**

Latasha Stapp (Stapp) appeals *pro se* from the order entered by the Court of Common Pleas of Washington County (PCRA court) dismissing her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

On August 7, 2014, Stapp entered a negotiated guilty plea to one count of criminal attempt to commit homicide.[1]  The charge stems from Stapp's

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 901(a).

shooting of her then-husband twice, nearly killing him.[2]  On that same day, the trial court sentenced her to a term of not less than ten nor more than twenty years' incarceration.  Stapp did not file a post-sentence motion or a direct appeal.[3]

Stapp filed the instant *pro se* PCRA petition approximately four years later, on or about December 18, 2018.  Appointed counsel filed a **Turner**/**Finley**[4] no merit letter and a motion to withdraw as counsel.  On May 22, 2019, the PCRA court granted counsel's motion to withdraw.  The court then issued notice of its intent to dismiss the PCRA petition, **see** Pa.R.Crim.P. 907(1) and its order dismissing it on June 20, 2019.  This timely appeal followed.  Stapp and the PCRA court complied with Rule 1925.  **See** Pa.R.A.P. 1925(a)-(b).

On appeal, Stapp raises several claims of ineffective assistance of plea counsel, asserting that counsel did not explain the plea offer to her but

---

[2] Following her arrest, Stapp underwent a mental health evaluation and was found competent to assist in her defense.  (**See** PCRA Court Opinion, 9/11/19, at 10 n. 22).

[3] Stapp's judgment of sentence, therefore, became final on September 8, 2014, when her time to file a direct appeal expired.  **See** 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

nonetheless recommended that she accept it; advise her of the elements of the charges against her; investigate her history of mental health issues and abuse by her husband. (**See** Stapp's Brief, at 4, 7-14). Stapp also contends that the court erred in denying her PCRA petition where her guilty plea was not knowing and intelligent; the prosecutor failed to provide her with a copy of her mental health evaluation; and the trial court imposed an excessive sentence without considering mitigating factors. (**See id.** at 4, 15-19).

Preliminarily, we note, "[o]ur standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error." **Commonwealth v. Shiloh**, 170 A.3d 553, 556 (Pa. Super. 2017) (citation omitted). "The timeliness of a PCRA petition is a jurisdictional requisite." **Id.** at 557 (citation omitted).

A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1). The exceptions to the PCRA time-bar allow for three very limited circumstances under which the late filing of a petition will be excused. **See id.**[5] "It is the

_____

[5] Specifically, we lack jurisdiction to consider a facially untimely PCRA petition unless a petitioner pleads and proves one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

petitioner's burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. 2016) (citation omitted).

Stapp filed the instant petition more than four years after her judgment of sentence became final and she did not establish the applicability of any of the exceptions to the PCRA time-bar. Instead, she raises multiple claims of ineffective assistance of plea counsel, which do not constitute a basis for relief from the PCRA's timeliness requirement. "It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted); ***see also Commonwealth v. Zeigler***, 148 A.3d 849, 853 (Pa. Super. 2016) ("Appellant's claim of plea counsel's ineffectiveness does not satisfy an exception to the PCRA time bar.") (citation omitted). Likewise, Stapp's challenges to the voluntariness of her plea, the

_____

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

conduct of the prosecutor relating to her mental health evaluation,[6] and the discretionary aspects of her sentence do not implicate any of the three timeliness exceptions.

Therefore, Stapp's petition is time-barred and the PCRA court lacked jurisdiction to review it. Accordingly, we affirm the court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2020

---

[6] The PCRA court notes that all parties and the trial court were provided with Stapp's mental health evaluation at the time of her plea and sentencing. (**See** PCRA Ct. Op., at 10 n. 22).